ERIC A. PEARSON, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

CHARLES H. HOWELL, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

CASPAR W. MORRIS, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

WILLIAM M. ELKINS, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket Nos. 27804—27807.   Promulgated July 24, 1929.

*Frederick E. S. Morrison, Esq., Leslie M. Swope, Esq.,* and *John K. Mathieson, C. P. A.,* for the petitioners.

*R. H. Ritterbush, Esq.,* and *J. C. Maddox, Esq.,* for the respondent.

OPINION.

MARQUETTE: The parties hereto have stipulated that Elkins, Morris & Co. purchased all of the capital stock of the Parish Manufacturing Co. on June 20, 1922, and was the owner thereof from that date until the corporation was liquidated. The respondent in his answer filed herein admits that Elkins, Morris & Co. owned all of the said capital stock, but he now takes the position that the transaction was handled on the brokerage basis and that there was no sale of the stock to the partnership. The evidence shows that the partnership in acquiring the stock of the Parish Manufacturing Co., took into consideration the amount of brokerage fees and commissions it could earn on the subsequent sale of the assets of the company, as well as their profit thereon, but it does not show that there was not a bona fide purchase and sale, and we see no reason for assuming that the stipulation and the admissions of the answer do not set forth the facts of the transaction.

The issue raised by the pleadings and the stipulation of facts is as to the proper method of taxing the amounts received by the partnership upon the distribution of the assets of the Parish Manufacturing Co. The petitioners contend that the amounts distributed, in so far as they represented earnings or profits of the corporation accumulated since February 28, 1913, are dividends taxable only at surtax rates, and that the remainder of the distributions should be applied against the purchase price of the stock and gain or loss determined therefrom. The respondent says that the entire amount distributed should be applied against the cost of the stock and the excess over cost, if any, taxed at the surtax rates.

The transaction in question occurred in 1922, and is governed by the provisions of the Revenue Act of 1921, the parts of which pertinent here, are as follows:

SEC. 201. (a) That the term "dividend" when used in this title (except in paragraph (10) of subdivision (a) of section 234 and paragraph (4) of subdivision (a) of section 245), means any distribution made by a corporation to its shareholders or members, whether in cash or in other property, out of its earnings or profits accumulated since February 28, 1913, except a distribution made by a personal service corporation out of earnings or profits accumulated since December 31, 1917, and prior to January 1, 1922.

\* \* \* \* \* \* \*

(c) Any distribution (whether in cash or other property) made by a corporation to its shareholders or members otherwise than out of (1) earnings or profits accumulated since February 28, 1913, or (2) earnings or profits accumulated or increase in value of property accrued prior to March 1, 1913, shall be applied against and reduce the basis provided in section 202 for the purpose of ascertaining the gain derived or the loss sustained from the sale or other disposition of the stock or shares by the distributee.

\*     \*     \*     \*     \*     \*     \*

SEC. 202. (a) That the basis for ascertaining the gain derived or loss sustained from a sale or other disposition of property, real, personal, or mixed, acquired after February 28, 1913, shall be the cost of such property \* \* \*.

In *Frank D. Darrow*, 8 B. T. A. 276, this Board held that the term "dividend," as defined in section 201 of the Revenue Act of 1921, includes distributions in liquidation of a corporation to the extent of the earnings or profits accumulated since February 28, 1913, contained therein, and to the extent of these earnings such distributions are taxable as dividends, subject to the surtax and exempt from the normal tax. In that case we said:

When we come to the Revenue Act of 1921 we find " dividends " included in taxable income and defined in section 201 (a) substantially as in prior Acts, as—

\* \* \* Any distribution made by a corporation to its shareholders or members, whether in cash or in other property, out of its earnings or profits accumulated since February 28, 1913 \* \* \*.

But subdivision (c) as carried in the 1918 Act is omitted and no specific provision for liquidating dividends is made, except the negative one contained in the new subdivision (c) set forth above. Congress dropped the distinction between liquidating dividends and dividends as defined in section 201 (a) which it has recognized in the 1918 Act, and declared anew its intent to tax as dividends all distributions of earnings accumulated since February 28, 1913, whether the same be made in liquidation or otherwise, as was the case under the 1916 and 1917 Acts. This clearly appears from the provision of the new subdivision (c) that " any distribution \* \* \* made \* \* \* *otherwise* than out of (1) earnings or profits accumulated since February 28, 1913, \* \* \* shall be applied against and reduce the basis provided in section 202 " for determining gain or loss on the sale or other disposition of property. Earnings or profits accumulated since February 28, 1913, distributed in liquidation are to be excluded from the computation of gain derived or loss sustained from such distribution, and are to be taxed as other dividends, regardless of whether there is a gain derived or loss sustained from such distribution. The intent of Congress to remove the distinction between liquidating dividends and other dividends, and to make its definition of the term in section 201 (a) comprehensive and all-inclusive, so far as earnings or profits accumulated since February 28, 1913, are concerned, appears even more clearly from the history of the 1921 Act in process of enactment. The House Bill provided, in section 201 (c) for the treatment of liquidating dividends in the identical language of the 1918 Act. The Senate amendment eliminated the provision entirely and substituted as subdivision (c) the provision as to stock dividends appearing as subdivision (d) in the Act as passed. The House accepted the amendment with an amendment which appears as subdivision (c) in the Act as finally passed. The statement of the House Managers from the Committee on Conference relative to this provision, is:

> The House Bill provided that amounts distributed in liquidation of a corporation shall be treated as in part or in full payment in exchange for stock or shares, and any gain or profit realized thereby shall be taxed to the distributee as other gains or profits. The Senate amendment strikes out this provision. The House recedes with an amendment, * * * [Referred to above]
>
> There would seem to be no doubt that Congress intended its definition of " dividends " to include liquidating dividends to the extent of earnings accumulated since February 28, 1913.
>
> It is our conclusion that the term " dividends " as defined in section 201 of the Revenue Act of 1921, includes distributions in liquidation to the extent of the earnings or profits accumulated since February 28, 1913, contained therein, and that to the extent of those earnings such distributions are taxable as dividends, subject to the surtax and exempt from the normal tax. * * *

The ruling in the *Darrow* case was approved and followed in *Philetus W. Gates*, 9 B. T. A. 1133.

In the light of the decisions cited it follows, and we so hold, that the distributions involved herein, in so far as they represented earnings or profits of the Parish Manufacturing Co. accumulated since February 28, 1913, constituted dividends within the meaning of section 201 of the Revenue Act of 1921, and are subject to the surtax and exempt from the normal tax, and that the remainder of such distributions should be used as the basis for computing gain or loss under section 202 of said Act. It appears that the distributions have been properly treated by the partnership and the petitioners.

*Judgment will be entered under Rule 50.*